John D. McKay
California Bar No. 220202
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUZIE NOH and DONG IL KIM, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| KOREAN AIR LINES CO., LTD., | ) | |
|     Defendant. | ) | |

For their Complaint against Defendant, Plaintiffs allege the following:

<u>Jurisdiction</u>

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because it arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc.106-45, 1999 WL 33292734 (the "Montreal Convention").

<u>Venue</u>

Venue is proper in this District pursuant to 28 U.S.C. §1391, subsections (b)(3), (c)(3), and (d) because Defendant is deemed by that statute to reside in any judicial district in which

it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within California within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. Defendant maintains an office at San Francisco International Airport (SFO) within this District, leases commercial space within the International Terminal of SFO from the City and County of San Francisco acting by and through its Airport Commission, operates daily scheduled flights to and from SFO, and regularly solicits business from the citizens of this District. This action concerns losses that Plaintiffs sustained while passengers on an international itinerary booked through, and partially operated by, Defendant.

## Intradistrict Assignment

Assignment of this action to the San Francisco or Oakland Division is proper because Defendant's office and regularly conducted operations are in San Mateo County.

## The Parties

1. Plaintiff Suzie Noh is an individual resident and citizen of the United States, and has been at all times relevant hereto. Plaintiff Dong IL Kim is an individual permanent resident of the United States and a citizen of the Republic of Korea, commonly known as South Korea. Plaintiffs are husband and wife.

2. Defendant, Korean Air Lines Co., Ltd., is a corporate citizen or subject of the nation of the Republic of Korea. Defendant holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct flights between the United States and the Republic of Korea. Defendant operates an airline known as "Korean

Air" that makes regularly scheduled international flights between California and Seoul, Republic of Korea.

Particulars of the Claim

3. On or about December 31, 2016, Plaintiffs were ticketed passengers aboard an international itinerary that they had booked through Korean Air for roundtrip travel from the United States to the Republic of Korea and then back to the United States. Although some of the flights in the itinerary were operated by airlines other than Korean Air as codeshare partners of Korean Air, Defendant operated the remaining flights in the itinerary and is jointly and severally liable to Plaintiff under Article 36(3) of the Montreal Convention.

4. Upon checking in at their departure airport in the United States, Plaintiffs checked several bags through to Incheon International Airport in Seoul, which was their initial destination on their itinerary. Defendant required them to check an additional bag after boarding the aircraft, because the overhead storage bins were full. That bag was also checked through to Incheon International Airport.

5. Upon their arrival at Incheon, Plaintiffs discovered that their checked bags had been intentionally broken into by employees or agents of the airlines, who were acting within the scope of their employment, while the bags were in the exclusive custody of Defendant and/or its codeshare partners. The employees or agents of the airlines stole cash and other items of value from the bags. The total value of the stolen cash and stolen items was US $3,535.

6. Despite repeated demands, Defendant has failed and refused to compensate Plaintiffs for the value of the stolen cash and property.

7. Under Articles 17(2) and 36(3) of the Montreal Convention, Defendant is strictly liable for the loss of items taken from Plaintiffs' baggage.

8. Since the actions of the airlines' employees and/or agents were intentional acts conducted within the scope of their employment, or, in the alternative, were reckless acts committed within the scope of their employment with knowledge that damage would probably result, the damages limitations of Article 22(2) of the Montreal Convention are rendered inapplicable by the operation of Article 22(5).

9. Pursuant to Article 22(6) of the Montreal Convention, Defendant is also liable to Plaintiffs for "court costs and … other expenses of the litigation incurred by the plaintiff[s], including interest."

WHEREFORE, Plaintiffs demand judgment against Defendant in the amount of $3,535, plus pre-judgment interest from December 31, 2016 and post-judgment interest and their costs of this action, together with such other and further relief as the Court shall deem just.

DATED this 5th day of April, 2017.

                                                               s/ John D. McKay
                                                               John D. McKay
                                                               Counsel for Plaintiffs